UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SEBASTIAN RANDOLPH, SR., d/b/a Elite          Case No. 25-CV-4526 (PJS/LIB)
Logistics Transportation,

           Plaintiff,

v.                                                                   ORDER

ERICK BERSCHEID TRUCKING, LLC;
TIFFANY BRINKMAN (Berscheid),
Individually; ERICK BERSCHEID,
Individually; FEST TRUCKING LLC; PAUL
DUERRE, Individually; DOES 1–20,

           Defendants.

---

Sebastian Randolph, Sr., plaintiff pro se.

Luke J. Wolf and Haley A. Ekhaml, SPENCER FANE LLP, for defendants
Erick Berscheid Trucking, LLC, Tiffany Brinkman, and Erick Berscheid.

Plaintiff Sebastian Randolph, Sr., filed this action in December 2025, alleging various contract- and employment-related claims.  ECF Nos. 1–2.  Defendants Erick Berscheid Trucking, LLC, Tiffany Brinkman, and Erick Berscheid (collectively "EB Trucking") filed a motion to dismiss Randolph's complaint for failure to state a claim. Randolph failed to respond to the motion by the deadline and did not contact the Court even after being put on notice that his response was late.  *See* D. Minn. L.R. 7.1(c)(2); ECF No. 17.  Accordingly, the Court treated EB Trucking's motion as unopposed and granted it.  ECF No. 18.

This matter is before the Court on Randolph's motions under Fed. R. Civ. P 59(e) and 60(b) seeking relief, under various guises, from the Court's order dismissing his claims against EB Trucking. Motions under Rules 59(e) and 60(b) are not properly directed at non-final orders, however. *See Auto Servs. Co. v. KPMG*, LLP, 537 F.3d 853, 856 (8th Cir. 2008) ("Because an order dismissing fewer than all claims or parties is generally not a final judgment, a Rule 59(e) motion to challenge such an order may only be filed after the district court enters the final judgment."); *St. Mary's Health Ctr. of Jefferson City v. Bowen*, 821 F.2d 493, 498 (8th Cir. 1987) (explaining that a ruling on an interlocutory order could not have been an appealable ruling on a Rule 60(b) motion because "Rule 60(b) applies only to relief from a final judgment or order").

In reality, then, Randolph's motion is simply a motion for reconsideration. Such motions are prohibited absent the Court's prior permission and a showing of "compelling circumstances." *See* D. Minn. L.R. 7.1(j). Because Randolph failed to obtain prior permission, his motions are unauthorized and are therefore denied.

The Court notes that Randolph's motions contain citations to non-existent cases as well as quotes that do not appear in the cited case, suggesting that he used generative AI to create his memoranda and did not verify that his citations were accurate. By filing motions and other papers, a litigant "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . .

the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The Court warns Randolph that submitting faked quotes and citations does not comply with this obligation and could subject him to Rule 11 sanctions if he does it again.

Finally, the Court reminds Randolph that he is expected to comply with the Court's deadlines and that it is his responsibility to be familiar with the Federal Rules of Civil Procedure as well as the Local Rules for the District of Minnesota, including the rules that set briefing deadlines. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motions to reconsider [ECF No. 20] and to vacate [ECF No. 23] are DENIED.

Dated:  May 5, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court